UNITED STATES FEDERAL COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **DARRYL P. MURRAY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Case No. 3:21-cv-221 |
| | § | |
| **VIGHNESHWER LLC, VIGHNESHWER II LLC, AND NITIN PATEL, INDIVIDUALLY,** | § § § § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Darryl P. Murray ("Murray") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, he respectfully shows as follows:

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Murray in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay Murray at time-and-one-

half his regular rate of pay for all hours worked in excess of forty hours within a workweek, although they had full knowledge that Murray consistently worked over forty hours per week.

## II. PARTIES

3. Darryl P. Murray is an individual who resides within this judicial district. He was employed by Defendants within the meaning of the FLSA from March 2019 through March 2021.

4. Vighneshwer LLC ("Vighneshwer") is a domestic limited liability company that is currently authorized to do business in Texas, and that is doing business in Texas. Its principal office is located in Lake Jackson, Texas. Its registered agent for service of process is Nitin Patel, and he may be served at 506 East Hwy 32, Lake Jackson, Texas 77566.

5. Vighneshwer LLC was an employer of Murray as defined by 29 U.S.C. §203(d).

6. Vighneshwer II LLC ("Vighneshwer II") is a domestic limited liability company that is currently authorized to do business in Texas, and that is doing business in Texas. Its principal office is located in Lake Jackson, Texas. Its registered agent for service of process is Nitin Patel, and he may be served at 506 East Hwy 32, Lake Jackson, Texas 77566.

7. Vighneshwer II LLC was an employer of Murray as defined by 29 U.S.C. §203(d).

8. Nitin Patel is the owner and president of Vighneshwer and Vighneshwer II.

9. At all times relevant to this claim, Nitin Patel acted directly or indirectly in the interest of Defendants in relation to Murray's employment.

10. Nitin Patel was an employer of Murray as defined by 29 U.S.C. §203(d).

11. At all times hereinafter mentioned, Nitin Patel exercised managerial responsibilities and substantial control over the employees of Defendants, including Murray, and the terms and conditions of their employment.

12. Patel both has and exercises his authority to: hire, fire and direct Defendants' employees, including

Murray; supervise and control the employment relationships and work schedules of Defendants' employees, including Murray; set and determine the rate and method of pay of Defendants' employees, including Murray; and decide whether Murray received overtime compensation. At all times during the relevant period, Patel was the sole owner, shareholder and president of Defendants, and exercised control over significant aspects of Defendants' day to day functions, including determining employee compensation. More specifically, Patel set all workplace polices for Defendants. Patel oversaw all job assignments and closely monitored all work performed by Defendants' employees. Patel supervised and oversaw all payroll and bookkeeping for Defendants, and he maintained employment records for Defendants' employees, including Murray.

### III. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

14. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Brazoria County, Texas, which is in this District and Division. Murray was an employee of Defendants, and performed work for Defendants in and around this district and division. Defendants are subject to this Court's personal jurisdiction with respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

15. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Murray.

16. At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. At all times hereinafter mentioned, Murray was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

20. Defendants Vighneshwer and Vighneshwer II are companies owned and created by Nitin Patel, who uses them to operate hotels in the Lake Jackson area.

21. More specifically, Defendants use Vighneshwer to operate a Candlewood Suites hotel in Lake Jackson.

22. Defendants use Vighneshwer II to operate a Staybridge Suites in Lake Jackson.  Murray worked for Defendants from March 2019 to March 2021 as a maintenance man.

23. Murray was compensated on an hourly basis.

24. If Murray worked more than forty hours per week, he was entitled to be paid at time and one half his regular rate of pay.

25. Murray was not paid overtime premiums when he worked more than forty hours in a workweek.

26. Working as a maintenance man for all Defendants, Murray was simultaneously subjected to the direction and control of all Defendants at all times.

27. For example, Murray would be in the process of performing work duties at Defendants' Candlewood Suites hotel, and in the middle of the day, Nitin Patel would send Murray to Defendants' Staybridge Suites hotel to perform the same or similar duties.

28. Even though Murray performed the same duties at each hotel, and even though Nitin Patel owned and operated both hotels, and even though Nitin Patel supervised Murray's work at both hotels, Defendants would treat hours worked at Candlewood Suites as separate from hours worked at Staybridge Suites. In this way, Defendants avoided their obligations under the FLSA to pay overtime premiums.

29. All Defendants jointly employed Plaintiff. All Defendants set Murray's rate of pay, possessed the power to hire and fire Murray and exercised such power, supervised and controlled Murray's work schedules and conditions of employment, and maintained Murray's employment records. *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012).

30. Even though all Defendants jointly employed Plaintiff, Defendants refused to combine the hours Murray worked for both Defendants each week for overtime purposes.

31. The joint employment doctrine "treats a worker's employment by joint employers as 'one employment' for purposes of determining compliance with the FLSA's wage and hour requirements." *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 134 (4th Cir. 2017); accord 29

C.F.R. § 791.2(a) ("[A]ll of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act."). Thus, a finding of joint employment requires that the hours an employee works for each joint employer "be aggregated for overtime pay purposes" and that the joint employers be held jointly and severally liable for any failure to pay proper overtime compensation. *Wirtz v. Hebert*, 368 F.2d 139, 141 (5th Cir. 1966); *Mitchell v. John R. Cowley & Bro., Inc.*, 292 F.2d 105, 111–12 (5th Cir. 1961).

32. For all times relevant to this action, Murray's primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

33. At no point in time did Murray customarily or regularly direct the work of two or more full time employees or their equivalent.

34. Murray routinely worked long hours. He would consistently work more than forty hours per week.

35. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to Murray.

### VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

36. Murray incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

37. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating Murray for his work in excess of forty hours per week at rates no less than one-and-one-half times his regular rates for which he was employed. Defendants have acted willfully in failing to pay Murray in accordance with applicable law.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Murray prays for judgment against Defendants Vighneshwer LLC, Vighneshwer II LLC, and Nitin Patel as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants jointly and severally liable for unpaid back wages due to Murray and for liquidated damages equal in amount to the unpaid compensation found due to Murray;

b. For an Order awarding Murray the taxable costs and allowable expenses of this action;

c. For an Order awarding Murray attorneys' fees;

d. For an Order awarding Murray pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Murray declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND VERRETT, P.C.**
700 West Summit Dr.
Wimberley, Texas 78676
Tel: (512) 782-0567
Fax: (512) 782-0605

By: */s/ Douglas B. Welmaker*
      Douglas B. Welmaker
      Texas State Bar No. 00788641
      doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**